UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CECILIA SOLIS, <br><br> Plaintiff, <br><br> v. <br><br> OWYHEE COMMUNITY HEALTH FACILITY, SHOSHONE TRIBE, PIUTE TRIBE, <br><br> Defendants. | Case No. 1:19-cv-00496-DCN <br><br> **INITIAL REVIEW ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Cecilia Solis's Complaint (Dkt. 2) and Application for Leave to Proceed In Forma Pauperis (Dkt. 1). Pursuant to 28 U.S.C. § 1915, the Court must review Solis's request to determine whether she is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, No. 1:13-CV-00441-CWD, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of Solis's Complaint to ensure it meets the minimum required standards. *See* 28 U.S.C. § 1915(e)(2).

For the reasons explained below, the Court GRANTS Solis's application to proceed in forma pauperis. After review of the Complaint, however, the Court must also DISMISS

the case WITHOUT PREJUDICE. The Court will allow Solis an opportunity to remedy the shortcomings of her Complaint.

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets she possesses and indicates that she is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of her poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependents "with necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted).

The Court has examined Solis's application to proceed in forma pauperis and finds that Solis has established her indigency. Solis states that she receives $829.00 in monthly income completely from welfare and disability. Dkt. 1, at 2. Solis's listed monthly expenses, which are both modest and necessary, total $835.00. *Id.* Further, Solis's only listed asset is a 2004 Chevy Tahoe. *Id.* at 3. Solis does not list any dependents, but states that she can "barely make ends meet" for herself. *Id.* at 5. Based on Solis's circumstances, the Court finds good cause to GRANT Solis's Application for Leave to Proceed In Forma Pauperis. The Court will waive the filing fee in its entirety.

However, as will be explained in the next section, the Court must also dismiss this case for the time being due to Solis's inadequate allegations. The Court next turns to its initial review of Solis's Complaint.

### III. SUFFICIENCY OF COMPLAINT

The Court is required to screen complaints that are brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 678.

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443,447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

Here, Solis alleges that Owyhee Community Health Facility ("OCHF") impermissibly disclosed her protected health information to third parties. Solis claims that

this disclosure has exacerbated her Bipolar Disorder symptoms and has caused her family to "turn their backs on [her]." Dkt. 2, at 2. Solis's Complaint includes a letter from OCHF wherein OCHF admits that it impermissibly disclosed Solis's protected health information. Dkt. 2-3, at 1. Based on this disclosure, Solis is suing for breach of contract, defamation of character, and violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). Solis alleges federal-question jurisdiction under 28 U.S.C. § 1331 based on the HIPAA violation.

The Court finds two issues with Solis's Complaint. First, Federal courts in the Ninth Circuit have found that "HIPAA does not provide any private right of action." *United States v. Streich*, 560 F.3d 926, 935 (9th Cir. 2009); *see also Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1081 (9th Cir. 2007) ("HIPAA itself provides no right of action."). In other words, Solis cannot sue the Defendants under HIPAA, nor can she rely on HIPAA for federal-question jurisdiction. Because Solis has not alleged a violation of any other statute or law that would give the Court jurisdiction under § 1331, and because Solis has not alleged any facts that would allow the Court to analyze whether it has diversity jurisdiction under 28 U.S.C. § 1332, the Court is without jurisdiction to hear Solis's claims.[1]

Second, even if the Court had jurisdiction, it is unclear why the Shoshone and Piute tribes are listed as defendants. Solis has failed to allege any facts in her Complaint that

---

[1] When federal jurisdiction is no longer present, dismissal of any remaining state law claims is proper. *See Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005). Solis's remaining two causes of action—breach of contract and defamation—are state law claims.

would implicate these tribes as defendants. Though these may be the tribes that Solis has alleged turned their backs on her, this does not show how either tribe could be liable for breach of contract or defamation.

If amending a complaint would remedy its deficiencies, then courts should provide plaintiffs an opportunity to do so. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). Here, because Solis *may* be able to state a claim upon relief can be granted, the Court will allow her an opportunity to amend her Complaint to remedy the following deficiencies. First, Solis must show how the Court has jurisdiction under either § 1331 or § 1332. Second, Solis must allege sufficient facts to implicate the Shoshone and Piute tribes as defendants.

## IV. CONCLUSION

Solis has adequately established her indigency. As such, the Court will waive the filing fee in its entirety. Additionally, the Court finds that Solis has not sufficiently alleged jurisdiction, nor has she given alleged facts that would implicate the Shoshone and Piute tribes as defendants. Solis may amend her Complaint, if she so chooses.

## V. ORDER

1. Solis's Application for Leave to Proceed In Forma Pauperis (Dkt. 1) is GRANTED. The Court will waive the filing fee in its entirety.

2. Solis's Complaint (Dkt. 2) is DISMISSED WITHOUT PREJUDICE. The Court grants Solis leave to file an Amended Complaint in substantial compliance with the Court's analysis above. Solis must file her Amended Complaint within thirty (30) days of the issuance of this Order.

3. Failure to file an Amended Complaint within the ordered timeframe will result in the full dismissal of this case WITH PREJUDICE and without further notice.

DATED: March 11, 2020

David C. Nye
Chief U.S. District Court Judge